# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES COFFEY,

    Plaintiff,

        v.

DAVID GRINLEY, and
KNIGHT TRANSPORTATION,

    Defendants.

CIVIL ACTION NO. 3:10-CV-366

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is the Notice of Removal of Defendants David Grinley and Knight Transportation (Doc. 1.) Defendants allege that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Section 1446(b) provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

28 U.S.C. § 1446(b). "At a minimum, there must have been an 'initial pleading setting forth the claim for relief' received by the defendant before a defendant may invoke this provision." *Gervel v. L & J Talent*, 805 F. Supp. 308, 308 (E.D. Pa. 1992).

Defendants' notice of removal fails to satisfy the requirement of having an initial pleading filed before seeking removal. Defendants allege that there are two related actions pending before the Luzerne County Court of Common Pleas, both of which relate to the same incident between the parties: (1) Docket number 9410-2009, filed June 25, 2009

("Action 1"); and (2) Docket number 1112-2010, filed January 26, 2010 ("Action 2"). Action 1 allegedly contains only a Writ of Summons. Action 2 allegedly contains only a complaint filed by the Plaintiff. Defendants presently request removal of Action 1 to this Court. A Writ of Summons standing alone is not, however, an "initial pleading" removable to federal court under 28 U.S.C. § 1446(b). A Writ of Summons, without a complaint, does not state a case or controversy sufficient to satisfy the requirements of Article III of the Constitution and statutes and rules establishing the federal court's jurisdiction. *Gervel*, 805 F. Supp. at 309 n.4 (E.D. Pa. 1992).

Defendants argue that these two actions should be considered together, and that removal of Action 1 is appropriate by considering the complaint filed in Action 2. This Court, however, has no authority to consolidate two Pennsylvania Common Pleas cases. Furthermore, while Action 2 standing alone might be removable to this Court, Defendants have sought only the removal of Action 1. Because the action Defendants seek to remove contains only a Writ of Summons, this Court must dismiss for lack of subject matter jurisdiction.

**NOW**, this __26th__ day of February, 2010, **IT IS HEREBY ORDERED THAT**:

(1) Defendants' Notice of Removal (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction.

(2) The Clerk of Court will mark this case as **CLOSED**.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge